IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal Action No. 08-122-GMS |
| LLOYD STAFFORD, | : |
| Defendant. | : |

# MEMORANDUM

## I.  INTRODUCTION

Presently before the court are defendant's (1) motion to dismiss the indictment (D.I. 16) and his related (2) motion for discovery of grand jury transcripts and evidence presented to the grand jury (D.I. 15). For the reasons that follow, the court will deny each of these motions.

## II.  BACKGROUND

On August 5, 2008, the defendant, Lloyd Stafford ("Stafford") was indicted by a federal grand jury for knowingly possessing a firearm in a federal facility in violation of 18 U.S.C. § 930(e)(1). Specifically, the one-count indictment alleged that:

> On or about June 2, 2008, in the State and District of Delaware, Lloyd L. Stafford, defendant herein, did knowingly attempt to possess and cause to be present in a Federal court facility a firearm, that is, a Davis Industries Derringer, Model DM-22, serial number 346468, in violation of Title 18, United States Code, Section 930(e)(1).

(Indictment at 1.)

On September 29, 2008, the defendant filed both a motion to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b) (D.I. 16), and a related motion for discovery of grand jury transcripts and evidence presented to the grand jury pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i) and (iii) (D.I. 15). On October 14, 2008, the government filed its opposition to these motions. (D.I. 17.) The court held

a status conference on October 29, 2008, at which time the court granted the defendant leave to further brief the issues raised in his motions. (D.I. 19.) The defendant filed his brief on November 14, 2008. (D.I. 20.) The government filed its brief in opposition on November 19, 2008. (D.I. 23.)

### III. PARTIES' CONTENTIONS

In his motion to dismiss, the defendant contends that the indictment against him should be dismissed because it was obtained in a "fundamental unfair manner due to prosecutorial misconduct." (D.I. 16 at 1.) Specifically, he alleges that grand jurors were given "potentially false, incomplete, or erroneous evidence information regarding [him] and the law." (D.I. 16 at 1-2.) He further contends that a review of the full record in this case, including the grand jury proceedings, will support a dismissal of the indictment. (D.I. 16 at 2.) In his motion for discovery, the defendant seeks the production of the entire record of grand jury proceedings, including any instruction given to the grand jury by the government. (D.I. 15.) He contends that the release of this information is necessary to determine whether the government engaged in prosecutorial misconduct. (D.I. 15 at 2.) He further contends that a review of the grand jury transcripts and the evidence presented to the grand jury is needed to assess whether the government presented this information in an "improper, distorted or incorrect fashion." (D.I. 15 at 2.) In the alternative, the defendant requests that the court conduct an *in camera* review of the record before the grand jury to determine if it should be released to the defendant. (D.I. 15 at 3.)

On the other hand, the government contends that the defendant's motions are without merit and should be denied. Specifically, the government contends that the defendant has cited no evidence of misconduct that supports dismissal of the indictment. (D.I. 17 at 7.) The government further contends that the defendant has not met his burden of showing a particularized need for

disclosure of the grand jury materials. (D.I. 17 at 2.)

## IV. DISCUSSION

### A. Motion to Dismiss the Indictment

Dismissal of an indictment based on prosecutorial misconduct is an "extraordinary remedy." *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988). In considering a motion to dismiss, the United States Supreme Court has explained that:

> [D]ismissal of an indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there was grave doubt that the decision to indict was free from substantial influence of such violations.

*Id.* at 256 (internal quotation marks and citation omitted); *see also United States v. Soberon*, 929 F.2d 935, 939-40 (3d Cir. 1991) (applying the *Bank of Nova Scotia* standard). As a result, errors, misstatements, and even failure to present exculpatory evidence before the grand jury are insufficient to support dismissal of the indictment. *See, e.g., United States v. Williams*, 504 U.S. 36, 47 (1992); *United States v. Fisher*, 871 F.2d 444, 450 (3d Cir. 1989).

Here, the defendant claims that the government engaged in prosecutorial misconduct by presenting "potentially false, incomplete, or erroneous evidence information" to the grand jury. (D.I. 16 at 2.) Specifically, he claims that the government should not have presented information concerning his prior arrests and/or convictions to the grand jury.[1] (D.I. 20 at 2.) He further claims

---

[1] In support of this contention, the defendant claims: (1) that the government produced in discovery a copy of a printout from the DELJIS system, (2) that such a printout incorrectly shows that he had a number of "misdemeanor" arrests and convictions that are in actuality traffic offenses, and (3) the government did not answer when asked if such information was presented to the grand jury. (D.I. 23 at 1-2.)

that, in doing so, the government engaged in an "improper method"[2] of presenting evidence, and that this alleged misconduct substantially influenced the grand jury's decision to indict. (*Id.* at 2.) The defendant further claims that the government erred in failing to give a *mens rea* or credibility instruction to the grand jury. (*Id.* at 3.) The defendant argues that as a result of these alleged errors in the grand jury process that dismissal of the indictment is the appropriate remedy.

The court does not agree. As the government correctly notes, beyond mere speculation, the defendant fails to identify what, if any, violation occurred. First, contrary to the defendant's blanket assertion, the court is not persuaded that there is anything irregular or "improper" about the production of the DELJIS printout by the government to the grand jury or the manner in which traffic offenses are characterized in the printout. Indeed, the government admits that it produces this record in "virtually every case." (D.I. 23 at 2.) Absent more, this does not strike the court as improper. It certainly does not constitute prosecutorial misconduct. Even assuming *arguendo*, that this conduct is in some way improper, the court is, nonetheless, not satisfied that it rises to a level that warrants dismissal of the indictment.

Second, the court is not convinced that the government's failure to give a *mens rea* or credibility instruction to the grand jury constitutes error -- let alone misconduct. Indeed, there is no legal requirement that a prosecutor instruct the grand jury on the law. *See, e.g., United States v. Warner*, 16 F.3d 247, 252 (8th Cir. 1994). Likewise, there is no requirement that the government give a credibility instruction to the grand jury either. The defendant fails to point any relevant authority that otherwise supports his positions in this regard. The alleged errors that the defendant

---

[2] *See Williams*, 504 U.S. at 62 (noting that the "prosecutor has the same duty to refrain from improper methods calculated to produce a wrongful indictment").

claims are simply "insufficient" to support dismissal of the indictment. *See Fisher*, 871 F.2d at 450. Because the defendant has failed to establish that the alleged errors "substantially influenced that grand jury's decision to indict," or that there is "grave doubt that the decision to indict was free from substantial influence" of alleged prosecutorial misconduct, *see Bank of Nova Scotia*, 487 U.S. at 256, defendant's motion to dismiss the indictment must be denied.

### B.   Motion for Discovery of Grand Jury Materials

Under Federal Rule of Criminal Procedure 6(e), discovery may be permitted of grand jury proceedings only "upon a showing that grounds may exist for a motion to dismiss the indictment." Fed. R. Crim. P. 6(e)(3). Such disclosure, however, has rarely been allowed without some assertion of demonstrable need for the materials which outweighs the important interest in preserving their confidentiality. *See, e.g., Douglas Oil Co. V. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979); *United States v. Procter & Gamble*, 356 U.S. 677, 681 (1958).

Further, before a court can order disclosure of grand jury materials, the party seeking disclosure must present a "particularized need" that outweighs the public interest in grand jury secrecy. *See, e.g., United States v. Educational Development Network Corp.*, 884 F.2d 737, 741-43 (3d Cir. 1989). Moreover, a defendant seeking the production of grand jury records must do more than make general unsubstantiated or speculative allegations of impropriety to prevail under Fed. R. Crim. P. 6(e)(3)(E). *See, e.g., United States v. Budzanoski*, 462 F.2d 443, 454 (3d Cir. 1972); *United States v. Naegele*, 474 F. Supp. 2d 9, 10 (D.D.C. 2007) (noting that a "bare allegation" of misconduct will not suffice). It is well-established that grand jury proceedings are accorded a presumption of regularity. *See United States v. Winchester*, 407 F. Supp. 261, 277 (D. Del. 1975).

Here, after having considered the parties' submissions and the applicable law, the court finds

that the defendant has failed to meet his burden of identifying a "particularized need" that warrants disclosure of the grand jury transcripts and the evidence presented to the grand jury. As the government correctly notes, the defendant fails to identify any particular event or irregularity that took place during the grand jury proceedings. Instead, as discussed above in addressing his motion to dismiss, he largely speculates as to alleged errors that merely might have occurred. Such bare assertions are simply not enough. *See, e.g., United States v. Boffa*, 513 F. Supp. 444, 496 (D. Del. 1980) ("baseless allegations are not sufficient to warrant disclosure" of grand jury proceedings).

As such, the court is not persuaded that the defendant has demonstrated the requisite particularized need that justifies production of the entire record of grand jury proceedings in this case.[3] The court, therefore, denies defendant's motion for discovery of grand jury transcripts and evidence presented to the grand jury.

## V. CONCLUSION

For the foregoing reasons, the court denies defendant's (1) motion to dismiss the indictment (D.I. 16) and his (2) motion for discovery of grand jury transcripts and evidence presented to the grand jury (D.I. 15).

Dated: February 5, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

---

[3] In addition, the court finds that an *in camera* review of the grand jury transcripts is, likewise, not necessary in this case. *See, e.g., United States v. Shyne*, No. S4 05-CR-1067 (KMK), 2007 U.S. Dist. LEXIS 26994, at *102-03 (S.D.N.Y. Apr. 5, 2007) (holding that "speculative" allegations are insufficient to warrant *in camera* review of grand jury minutes).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : Criminal Action No. 08-122-GMS |
| LLOYD STAFFORD, | : |
| Defendant. | : |

### ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. The defendant's motion for discovery of grand jury transcripts and evidence presented to the grand jury (D.I. 15) is DENIED.

2. The defendant's motion to dismiss the indictment (D.I. 16) is DENIED.

Dated: February 5, 2009

CHIEF, UNITED STATES DISTRICT JUDGE